**JUN ZHONG XU, aka Junzhong Xu, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–72608

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

---

Mun Su Park, Ph.D., Attorney, Law Offices of Park & Associates, Tamuning, GU, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Brett F. Kinney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Jun Zhong Xu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Xu does not challenge the agency's dispositive finding that he did not establish he qualified for an exception excusing his untimely filed asylum application. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are deemed waived). Thus, we deny the petition for review as to his asylum claim.

Substantial evidence supports the agency's adverse credibility determination

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

based on the discrepancies between Xu's testimony and evidence as to whether he had a fight with family planning officials in China. *See Shrestha,* 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of circumstances). The agency considered Xu's explanations but was not compelled to accept them. *See Zamanov v. Holder,* 649 F.3d 969, 974 (9th Cir. 2011). Thus, Xu's withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.